UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DERRICK WHITE,

                              Petitioner,

                v.

SUPERINTENDENT WOLCOTT, Attica
Correctional Facility,

                              Respondent.

21-CV-5980 (RA)

MEMORANDUM
OPINION & ORDER

---

RONNIE ABRAMS, United States District Judge:

In this petition for a writ of habeas corpus (the "Petition") filed pursuant to 28 U.S.C. § 2254, *pro se* Petitioner Derrick White challenges his conviction, following a jury trial, for second-degree assault, first-degree reckless endangerment, and second-degree criminal possession of a weapon. Magistrate Judge Sarah L. Cave issued a Report and Recommendation (the "Report" or "R&R") recommending the denial of the Petition, ECF No. 18, to which Petitioner has objected, ECF No. 19. For the reasons that follow, the Court adopts the thorough and well-reasoned Report in full and denies the Petition.

## BACKGROUND[1]

On April 20, 2015, in East Harlem, New York, White shot another man in the foot. Report at 2. He surrendered to police two days later. *Id.* While at the police station, when detectives attempted to speak with White, he told them he was represented by counsel in an unrelated case and provided the name of his attorney's organization, if not the name of the attorney herself. *Id.* Shortly thereafter, the detectives went in search of "lineup fillers" for a lineup in which eyewitnesses to the shooting would be asked to identify the shooter. *Id.* When they returned, a

---

[1] The Court draws the following facts from the Report and the state court record.

detective told White he would be placed in a lineup, and White neither objected nor requested the presence of an attorney. *Id.* Nonetheless, a detective called the office of White's attorney's organization, but no one answered. *Id.* The detectives then proceeded with the lineup, during which two of the four witnesses identified White as the shooter. *Id.*

In the course of investigating the shooting, the prosecution obtained White's cell site location information ("CSLI") pursuant to a court order, though not by way of a warrant supported by probable cause. *Id.* At trial, the CSLI established that White's phone was in the vicinity of the shooting at the time it occurred. *Id.* at 3.

A six-count indictment charged White with one count of attempted second-degree murder, one count of attempted first-degree assault, two counts of second-degree criminal possession of a weapon, one count of second-degree assault, and one count of first-degree reckless endangerment. *Id.* Prior to trial, White moved to suppress the lineup evidence on the grounds that it was obtained in violation of his right to counsel. *Id.* at 3–4. The Court denied the motion. *Id.* at 4. White did not move to suppress the CSLI. He then proceeded to trial, and the jury acquitted him of attempted second-degree murder but convicted him of second-degree assault, first-degree reckless endangerment, and two counts of second-degree criminal possession of a weapon. *Id.* at 5. The court sentenced him to an aggregate term of 18 years to life. *Id.*

White appealed his conviction and, while his direct appeal was pending, filed a motion to vacate the conviction pursuant to New York Criminal Procedure Law § 440.10 (the "440.10 Motion"). *Id.* In the 440.10 Motion, he argued that trial counsel rendered ineffective assistance by failing to challenge the admission of the CSLI at trial, relying on the Supreme Court's decision in *Carpenter v. United States*, 585 U.S. 296 (2018)—decided a year after White's conviction—in which the Court held that the government must obtain a warrant supported by probable cause

2

before obtaining cell-site records. Report at 5–6. The trial court denied the 440.10 Motion, and White appealed the denial to the Appellate Division, First Department. *Id.* at 7. The Appellate Division consolidated White's direct appeal with the 440.10 Motion, *id.*, and as relevant here, White renewed his ineffective assistance argument and further argued that the trial court erred in denying his motion to suppress the lineup evidence, *id.* at 7–8. The Appellate Division affirmed White's conviction and the denial of the 440.10 Motion. *Id.* at 8; *see People v. White*, 189 A.D.3d 634 (1st Dep't 2020). White then sought leave to appeal to the New York Court of Appeals, which was denied. Report at 8; *see People v. White*, 36 N.Y.3d 1101 (2021).

On July 13, 2021, White filed the Petition, which he amended on August 3, 2021, asserting that the admission of the lineup evidence and trial counsel's failure to challenge the admission of the CSLI violated his constitutional rights. *See* ECF Nos. 1, 6. Respondent opposed the Petition, *see* ECF No. 10, and the Court referred the case to Magistrate Judge Cave for a Report and Recommendation, *see* ECF No. 3. In the Report, Judge Cave recommended that the Petition be denied in its entirety. *See* ECF No. 18. White timely filed objections. *See* ECF No. 19.

## LEGAL STANDARDS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that when a state court has previously adjudicated the merits of a petitioner's habeas claim, a federal district court may grant relief only where the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," *id.* § (d)(2). *See Harrington v. Richter*, 562 U.S. 86, 103 (2011) (noting that § 2254(d) is "part of the basic structure of federal habeas jurisdiction, designed to confirm that state courts are the principal

forum for asserting constitutional challenges to state convictions"). A state court decision is "contrary" to clearly established federal law "if the state court (1) arrives at a conclusion opposite to that reached by th[e] Court on a question of law or (2) decides a case differently than th[e] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 413 (2000).[2] A state court decision constitutes an unreasonable application of clearly established federal law "if the state court identifies the correct governing legal principle from th[e] Court's decisions but unreasonably applies that principle to the facts of the [petitioner's] case." *Id.* Federal habeas courts must also "presume the correctness of state courts' factual findings unless applicants rebut this presumption with 'clear and convincing evidence.'" *Schriro v. Landrigan*, 550 U.S. 465, 473–74 (2007) (quoting § 2254(e)(1)).

A federal court may not grant habeas relief unless a petitioner has exhausted his claims. Exhaustion requires an individual to "fairly present" his claims to the state courts, that is, to "present[ ] the essential factual and legal premises of his federal constitutional claim to the highest state court capable of reviewing it." *Jackson v. Conway*, 763 F.3d 115, 133 (2d Cir. 2014). Although he need not "cite chapter and verse of the Constitution," he must express his claim "in terms that are likely to alert the state courts to the claim's federal nature." *Id.*

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). When a party makes timely and specific objections to a report and recommendation, the Court reviews *de novo* the portion of the report and recommendation to which the party objects. *Id.*; Fed. R. Civ. P. 72(b)(3). When a party's objections are conclusory, general, or simply reiterate the party's original arguments, the court reviews strictly for clear error.

---

[2] Unless otherwise indicated, this memorandum opinion and order omits all internal quotation marks, citations, footnotes, omissions, emphases, and alterations in quoted text.

*See Bell v. Koss*, No. 17-CV-7762, 2024 WL 3949340, at *1 (S.D.N.Y. Aug. 27, 2024); *Harris v. TD Ameritrade Inc.*, 338 F. Supp. 3d 170, 174 (S.D.N.Y. 2018). "A magistrate judge's decision is clearly erroneous only if the district court is left with the definite and firm conviction that a mistake has been committed." *Philippeaux v. Entin*, No. 19-CV-2205, 2020 WL 563903, at *1 (S.D.N.Y. Feb. 5, 2020).

The Court must also be mindful that a *pro se* litigant's submissions are to be "construed liberally and interpreted 'to raise the strongest arguments that they suggest.'" *Restea v. Brown Harris Stevens LLC*, No. 17-CV-4801, 2018 WL 3435060, at *1 (S.D.N.Y. July 16, 2018) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)). "Nevertheless, even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." *Philippeaux*, 2020 WL 563903, at *2.

## DISCUSSION

White raises the following arguments in the Petition. First, he argues that the admission of the lineup evidence, which police obtained in the absence of counsel despite White's prior request for counsel, violated his rights to counsel and due process under the Sixth and Fourteenth Amendments to the United States Constitution. Second, he asserts that trial counsel rendered ineffective assistance by failing to challenge the admission of the CSLI, which was obtained without a warrant. The Court considers each in turn.

### I. Lineup Evidence Claims

Beginning with the lineup evidence claims, the Report first concluded that these claims are unexhausted because, although White's state court filings cited the Sixth and Fourteenth Amendments in point headings, the arguments therein relied exclusively on New York law, which

provides broader right-to-counsel protections than the United States Constitution does. The Report nonetheless considered the merits of the lineup evidence claims and found them meritless.

In his objections, White argues that the citation to the United States Constitution in the point headings of his state court filings was sufficient to alert the state courts to the Federal nature of his claims, and that those claims are therefore exhausted. Objections at 2. His objections to the Report's conclusion on the merits belie this point, however, as he again relies solely on New York's expanded right to counsel in support of his argument. The Court agrees with the Report that, despite the point headings, White's state court filings addressed his right to counsel only under the New York Constitution, *see* State Court Record at 482–490, ECF No. 10-4, and thus neither the "substance," *Picard v. Connor*, 404 U.S. 270, 278 (1971), nor the "essential factual and legal premises," *Jackson*, 763 F.3d at 133, of White's Sixth and Fourteenth Amendment claims were fairly presented to the state courts. Those claims are therefore unexhausted and unreviewable. *See id.*; *Campbell v. Smith*, No. 16-CV-8083, 2017 WL 5508533, at *3 (S.D.N.Y. Nov. 16, 2017) (finding mere reference to United States Constitution in point headings of *pro se* petitioner's state court brief insufficient to satisfy exhaustion requirement); *LeGrand v. Lee*, No. 13-CV-05282, 2016 WL 7468195, at *8–9 (S.D.N.Y. Dec. 28, 2016), *report and recommendation adopted,* No. 13-CV-5282, 2017 WL 837683 (S.D.N.Y. Mar. 2, 2017) (same); *see also Hisler v. Royce*, No. 21-CV-03676, 2025 WL 903847, at *15 (E.D.N.Y. Mar. 25, 2025) (Chin, J.) ("Although Hisler makes passing reference to the Due Process Clause in the heading of the claim in the Petition, errors of state law cannot be repackaged as federal errors simply by citing the Due Process Clause.").

Moreover, the Report correctly concluded that White's Sixth Amendment claim is without merit because, under the United States Constitution, "the right to counsel does not attach at a pre-

indictment lineup," Report at 17 (citing *Kirby v. Illinois,* 406 U.S. 682, 688 (1972)), and is "offense specific," *id.* at 16 (citing *Texas v. Cobb,* 532 U.S. 162, 167–68 (2001)), meaning that "while a defendant may have a Sixth Amendment right to counsel in a case where the adversarial process has been initiated against him, that right does not attach in an unrelated case in which the adversarial process had not been initiated," *Lopez v. City of New York*, No. 05-CV-3624, 2007 WL 2228150, at *11 (E.D.N.Y. July 31, 2007).  White's reliance on New York's relatively more robust right to counsel is misplaced, as "federal habeas review is available only for violations of federal constitutional law and is not available for violations of State constitutional law."  *Ortiz v. Rock*, No. 09-CV-679, 2016 WL 6068808, at *9 (E.D.N.Y. Oct. 13, 2016); *see also Estelle v. McGuire*, 502 U.S. 62, 67 (1991) ("[F]ederal habeas corpus relief does not lie for errors of state law.").

Accordingly, the Court overrules White's objections with respect to the lineup evidence claims.

## II.     Ineffective Assistance of Counsel Claim

With respect to the ineffective assistance of counsel claim, the Report applied the two-pronged framework established in *Strickland v. Washington*, 466 U.S. 668 (1984).  Judge Cave concluded that White failed both to "'overcome the presumption' that Trial Counsel's decisions in connection with the CSLI were 'sound legal strategy,'" Report at 22 (quoting *United States v. Gaskin*, 364 F.3d 438, 468 (2d Cir. 2004)), and to demonstrate that the outcome of the trial would have been different had trial counsel challenged the CLSI's admissibility, *see id.* at 25.

White's objections on this point repeat the arguments made in his initial Petition.  The Court therefore reviews them for clear error.  *See Alfaro v. Capra*, No. 13-CV-5867, 2016 WL 6778798, at *2 (S.D.N.Y. Nov. 14, 2016) ("Because Petitioner merely reiterates his original arguments raised before the magistrate judge, the Court reviews the Report for clear error."); *Ortiz*

*v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) ("Reviewing courts should review a report and recommendation for clear error where objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition.").

The Court finds no error—clear or otherwise—in this portion of Judge Cave's Report. Even if the Court were to review the Report *de novo*, its conclusion would be the same and would rest on the same reasoning articulated by Judge Cave. First, trial counsel's decision not to challenge the admissibility of the CSLI evidence was not objectively unreasonable given the existence of binding New York precedent that would have foreclosed such a challenge. *See* Report at 23. Second, the Court agrees with Judge Cave that the Appellate Division reasonably concluded that White failed to establish prejudice. *Id.* at 25. As described in the Report, even absent the CSLI, ample evidence supported White's conviction. *Id.* (describing evidence at trial, including eyewitness testimony, surveillance video, phone records, and jail calls). The Appellate Division's rejection of White's ineffective assistance of counsel claim was therefore neither contrary to, nor an unreasonable application of, the *Strickland* standard. *See* 28 U.S.C. § 2254(d).

Accordingly, the Court overrules White's objections with respect to the ineffective assistance of counsel claim.

## CONCLUSION

For the reasons stated above, the Court adopts Judge Cave's Report and Recommendation in its entirety. The Petition is denied.

The Clerk of Court is respectfully directed to terminate any pending motions, close this case, and mail a copy of this order to Mr. White.

SO ORDERED.

Dated:    April 22, 2025
             New York, New York

_____
Ronnie Abrams
United States District Judge