UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DERRICK WHITE,

                      Petitioner,

            v.

SUPERINTENDENT WOLCOTT, Attica Correctional Facility,

                      Respondent.

21-CV-5980 (RA)

CERTIFICATE OF APPEALABILITY

---

RONNIE ABRAMS, United States District Judge:

      On April 22, 2025, the Court issued a Memorandum Opinion and Order adopting Magistrate Judge Cave's Report and Recommendation recommending the denial of White's petition for a writ of habeas corpus (the "Petition"). The Petition brought two sets of claims: (1) Sixth and Fourteenth Amendment claims relating to the admission of evidence from a lineup; and (2) an ineffective assistance of counsel claim. The Court determined the lineup claims to be unexhausted and found the ineffective assistance of counsel claim to be without merit. White now seeks leave to appeal the Court's denial of the Petition.

      Under AEDPA, "an appeal may not be taken to the court of appeals" "[u]nless a circuit justice or judge issues a certificate of appealability [("COA")]." 28 U.S.C. § 2253(c)(1). A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a

COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

Although the Court is confident in the correctness of its ruling, those standards are met here. The issues White raises are "adequate to deserve encouragement to proceed further." *Id.* Accordingly, the Court grants a COA with respect to both issues. *See Blackman v. Ercole,* 661 F.3d 161, 163–64 (2d Cir.2011) ("In granting a COA, a district judge is required to indicate the 'specific issue or issues' that satisfy [the § 2253(c)(3) standard]." (quoting 28 U.S.C. § 2253(c)(3))).

SO ORDERED.

Dated:     May 15, 2025
           New York, New York

_____
Ronnie Abrams
United States District Judge

2